UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DALE PESHEK
and BRIAN THRELKELD,

        Plaintiffs,

  v.

KAREN TIMBERLAKE,

        Defendant.

Case No. 21-cv-1061-pp

**ORDER REVISING THE COURT'S REQUEST FOR THE PARTIES TO FILE BRIEFS ON THE NATURE OF THE DISMISSAL**

      At the March 28, 2023 motion hearing, the court orally granted the defendant's motion to dismiss (Dkt. No. 11) based on the abstention doctrine articulated in <u>Younger v. Harris</u>, 401 U.S. 37 (1971). After advising the parties of that ruling, however, the court told them that it had reviewed a Seventh Circuit decision, <u>Nicole K., By Next Friend Linda R. v. Stigdon</u>, 990 F.3d 534, 537 (7th Cir. 2021), in which the court had indicated that federal courts have the discretion to "put any federal proceeding on hold while a state works its way through an administrative process that was under way before the federal suit began." The court told the parties that based on this statement, it was considering granting the motion to dismiss, but administratively closing the case so that if the plaintiffs did not obtain the relief they sought in state court, they could ask this court to reopen and could preserve the filing date of the case. Defense counsel perceived that the court was proposing to stay its dismissal of the case and asked to be heard. The court responded that it wasn't proposing to "stay" dismissal of the case, as such; it opined that the issue

1

really was more of a question of whether the court should dismiss with or without prejudice. It agreed to hear defense counsel out.

Defense counsel stated that while she was not familiar with the Nicole K. case, she was aware of other Seventh Circuit decisions holding that if the relief the plaintiff was seeking could be provided by the state proceedings, the federal dismissal should be with prejudice. The plaintiffs' counsel argued that one could imagine circumstances where the plaintiffs had exhausted all their options in the Chapter 980 proceedings in Kenosha County but had not obtained the relief they had sought from the federal court and asserted that the court's proposal to administratively close the case was a reasonable one.

Because the court raised this issue *sua sponte* at the hearing and the parties had not prepared to address it, the court gave them a deadline of May 19, 2023 by which to file simultaneous briefs addressing the issue. After the hearing, however, the court thought further and has concluded that its discussion of "administratively closing" the case unnecessarily confused the issue. The real issue is whether the court should dismiss the case with or without prejudice.[1] A dismissal "with prejudice" would foreclose the plaintiffs from returning to federal court to litigate the issues they raised in the case; a dismissal without prejudice might not. See Lauderdale-El v. Ind. Parole Bd., 35

---

[1] The "with prejudice/without prejudice" issue comes up most frequently when a party wants to appeal the dismissal and needs a final, appealable order to do so. If the plaintiffs want to appeal this court's decision to dismiss based on Younger abstention, they need a final, appealable order. At the March 28, 2023 hearing, the plaintiffs did not indicate that they wanted to appeal the court's order, but that may be because the court assumed that they wanted the opportunity to return to federal court later and thus interjected the idea of dismissing the case but leaving open an avenue of return. If the plaintiffs want to appeal the court's dismissal of the case—which they may very well opt to do—they can advise the court of that fact in their May 19, 2023 filing.

F.4th 572 (7th Cir. 2022) (discussing the fact that not all dismissals without prejudice put paid to a plaintiff's ability to pursue the merits of the claims).

The court first clarifies its response to the defendant's assumption that, by considering administrative closure of the case, the court was considering staying the federal case pending the outcome of the proceedings in state court. It was not, and it regrets any confusion that its suggestion may have caused in that regard. Once a court has decided that it should abstain under the principles of Younger, "the only remaining question is how—by dismissing or merely staying the action." Green v. Benden, 281 F.3d 661, 667 (7th Cir. 2002). The Seventh Circuit has held that where a plaintiff's federal claim seeks damages that would not be available in the state-court proceedings, a federal court abstaining under Younger should stay, rather than dismiss, the federal case. Simpson v. Rowan, 73 F.3d 134, 128 (7th Cir. 1995). The Rowan court explained that the district court's dismissal of claims for relief the plaintiff could not obtain in his state-court proceedings caused his claims to become time-barred; it stated that the federal court should have retained jurisdiction over the plaintiff's 42 U.S.C. §1983 case until the state proceedings had concluded. Id. at 139. The court held the same in Majors v. Engelbrecht, 149 F.3d 709, 714 (7th Cir. 1998), explaining that in deciding the stay-vs.-dismissal question, an abstaining court should consider whether the relief the plaintiff seeks is available in the state-court proceedings; if not, "a stay is appropriate to avoid losing the plaintiff's claim to the statute of limitations without adjudicating it." If, on the other hand, the plaintiff has asked (or, presumably, can ask) the state court for the relief he has requested in the abstaining court, "dismissal [is] proper." Id.

It does not appear that a stay is appropriate under the circumstances of this case. Although the court has not researched the issue, it suspects that the plaintiffs cannot recover money damages in their state Chapter 980 proceedings, but they did not seek damages in this federal case. See Dkt. No. 1 at 17-19. They sought declaratory relief (a determination that portions of Chapter 980 are unconstitutional) and injunctive relief (an injunction prohibiting the defendant from enforcing those portions of the statute). In concluding that Younger abstention is appropriate, the court already has determined that the plaintiffs can seek that relief in the state proceedings. Dismissal is the appropriate way for this court to abstain, and the question the parties should address in their May 19, 2023 briefing is whether it is appropriate for the court to dismiss the case without prejudice.

The court will withhold entering judgment until it has received the parties' May 19, 2023 briefs.

The court **ORDERS** that in their May 19, 2023 briefs, the parties should address the question of whether, in abstaining under Younger, the court should dismiss the case with or without prejudice.

Dated in Milwaukee, Wisconsin this 30th day of March, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**