UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DALE PESHEK
and BRIAN THRELKELD,

        Plaintiffs,

   v.

Case No. 21-cv-1061-pp

KAREN TIMBERLAKE,

        Defendant.

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

On September 13, 2021, the plaintiffs filed a complaint against Karen Timberlake in her official capacity as the Secretary of the Wisconsin Department of Health Services. Dkt. No. 1. The defendant filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. Nos. 11, 12. On March 28, 2023, the court held a hearing at which it orally granted the defendant's motion to dismiss under Rule 12(b)(1) based on the abstention doctrine articulated in <u>Younger v. Harris</u>, 401 U.S. 37 (1971).[1] Dkt. Nos. 24, 25 (audio of hearing), 26 (court minutes). The court indicated, however, that it had reviewed a Seventh Circuit case, <u>Nicole K, By Next Friend Linda R. v. Stigdon</u>,

---

[1] The court also orally granted the plaintiffs' oral motion to dismiss Hung Nam Tran as a plaintiff and denied as moot the plaintiffs' motion for preliminary injunction, dkt. no. 9, the plaintiffs' motion for class certification, dkt. no. 19, and the defendant's motion to stay briefing, dkt. no. 20. <u>See</u> Dkt. No. 26 at 3.

1

990 F.3d 534 (7th Cir. 2021), and based on that review, it questioned the parties regarding the appropriate nature of the dismissal:

> The court explained that in the Nicole K. case, the Seventh Circuit had stated that a federal court "ha[d] discretion to put any federal proceeding on hold while a state works its way through an administrative process that was underway before the federal suit began," and had stated that "[w]ithholding peremptory federal adjudication of a single issue in the state proceedings is the appropriate disposition." Nicole K., 990 F.3d at 537-38. The court indicated that [given] its reading of Nicole K., it was thinking of granting the motion to dismiss but administratively closing the case, leaving the plaintiffs the opportunity to seek reopening in the event that the proceedings in Kenosha County Circuit Court did not resolve the issues the plaintiffs had raised in this federal case. Defense counsel stated that, while she was not familiar with the Nicole K. case, she was familiar with other Seventh Circuit cases that, as best she could recall, indicated that if the injunctive relief the plaintiff sought could be addressed by state court, the dismissal should be with prejudice. The plaintiffs' counsel responded that the plaintiffs could exhaust their options in state court and still not obtain the relief they sought in this federal case, and argued that the court's proposal was appropriate.

Dkt. No. 26 at 2. The court acknowledged that it had raised the issue *sua sponte* and explained that it would allow the parties to brief the issue. Id. The court ordered that by May 19, 2023, the parties must "file motions addressing the issue of whether the dismissal should be with prejudice or whether the court should administratively close the case, leaving the plaintiffs the option of reopening and preserving the filing date if they were not able to obtain relief in the state court proceedings." Id. at 3.

On March 30, 2023, the court issued an order refining its request for briefing. Dkt. No. 27. The court clarified that the issue was whether the court should dismiss the case with or without prejudice. Id. at 2. In a footnote, the court stated that the "with prejudice/without prejudice" issue comes up most

2

frequently when a party seeking to appeal the dismissal needs a final, appealable order to do so. Id. at 2 n.1. The court indicated that if the plaintiffs wanted to appeal the court's dismissal of the case, "which they may very well opt to do," they could advise the court of that fact in their May 19 briefing. Id.

The court's March 30 order also addressed confusion the court may have caused by referencing administratively closing/staying the case, rather than dismissal:

> The court first clarifies its response to the defendant's assumption that, by considering administrative closure of the case, the court was considering staying the federal case pending the outcome of the proceedings in state court. It was not, and it regrets any confusion that its suggestion may have caused in that regard.

Dkt. No. 27 at 3. The court then explained that once a court has decided it should abstain under the principles of Younger, "the only remaining question is how—by dismissing or merely staying the action." Id. (citing Green v. Benden, 281 F.3d 661, 667 (7th Cir. 2002)). The court explained that a stay was not appropriate under the circumstances of this case because the plaintiffs' federal claim did not seek damages that would not be available in their state court proceedings. Dkt. No. 27 at 3–4 (citing Simpson v. Rowan, 73 F.3d 134, 128 (7th Cir. 1995); Majors v. Engelbrecht, 149 F.3d 709, 714 (7th Cir. 1998)). The court clarified that dismissal was the appropriate way for the court to abstain, and framed the question that the parties should address in their May 19 additional briefing was whether it was appropriate for the court to dismiss with or without prejudice. Id. at 4. The court stated that it would withhold entering judgment until it had received the parties' briefs. Id.

3

On May 8, 2023, the defendant filed her brief. Dkt. No. 29. The brief states only that "dismissal without prejudice is appropriate here" and cites a Seventh Circuit case explaining that Younger abstention "require[s] the district court to dismiss all claims without prejudice to the plaintiff's right to raise the same contentions in a state tribunal." Id. at 2 (alteration in original) (quoting Moses v. Kenosha Cty., 826 F.2d 708, 710 (7th Cir. 1987)).

On May 19, 2023, the plaintiffs filed their brief. Dkt. No. 30. The plaintiffs state only that they "believe dismissal with prejudice is appropriate in this case." Id. at 1. The plaintiffs explain that the court's "application of the *Younger* abstention doctrine to the facts of this case is inconsistent with the doctrine itself, and Plaintiffs seek to appeal the Court's application of the doctrine to this case." Id. at 1–2. The plaintiffs indicate that they "are only able to appeal once a final order is entered." Id. at 2 (citing 28 U.S.C. §1291).

A review of relevant case law reveals that the Seventh Circuit has "consistently held or assumed" that dismissal based on Younger abstention should be *without* prejudice. Christensen v. Ehlenfeldt, No. 06–C–0444–C, 2007 WL 5601500, at *2 (W.D. Wis. June 14, 2007). See, *e.g.*, Wade v. Barr, 775 F. App'x 247, 248 (7th Cir. 2019) (holding that the district court's dismissal on Younger abstention grounds should have been without prejudice); Courthouse News Serv. v. Brown, 908 F.3d 1063, 1075 (7th Cir. 2018); Moses v. Kenosha Cnty., 826 F.2d 708, 710 (7th Cir. 1987). District courts in this circuit follow suit. See, *e.g.*, Clarksville Ministries, LLC v. Town of Clarksville, Ind., No. 4:21-cv-00135, 2023 WL 196579, at *11 (S.D. Ind. Jan. 17, 2023);

4

Schuenke v. Kostrzewa, No. 22-C-239, 2022 WL 1080826, at *4 (E.D. Wis. Apr. 8, 2022); Mulrey v. Wis. Off. of Lawyer Regul., No. 21-CV-603, 2021 WL 3603047, at *5 (E.D. Wis. Aug. 13, 2021); Nadzhafaliyev v. Hardy, 403 F.Supp.3d 663, 670 (N.D. Ill. 2019); Chester Bross Constr. Co. v. Schneider, 886 F.Supp.2d 896, 910 (C.D. Ill. 2012); Knickmeier v. Off. of Lawyer Regul., No. 03–C–0459–C, 2003 WL 23221148, at *1 (W.D. Wis. Oct. 7, 2003); Lamar Whiteco Outdoor Corp. v. City of West Chi., No. 00 C 1994, 2001 WL 476596, at *6 (N.D. Ill. May 2, 2001).

The defendant argues that the case should be dismissed *without* prejudice. The plaintiffs' brief focuses solely on their desire to appeal the court's ruling and their concern that they may do so only if the court dismisses with prejudice. See Dkt. No. 30.

The court is not convinced that dismissing the case without prejudice based on Younger abstention prohibits the plaintiffs from appealing. The Seventh Circuit has recognized that some "kinds of dismissals without prejudice . . . signal clearly that the district court has finished with the case but is leaving open the possibility that the parties may pursue the dispute in another forum." Lauderdale-El v. Ind. Parole Bd., 35 F.4th 572, 576 (7th Cir. 2022). See Carter v. Buesgen, 10 F.4th 715, 720 (7th Cir. 2021) (stating that the court has "been careful to underscore that the label 'without prejudice' does not always prevent a disposition from being a *de facto* final judgment")

5

(internal quotations and citation omitted).² In other words, such judgments, "typically based on a lack of subject-matter or personal jurisdiction or improper venue, *are final for purposes of appeal.*" Lauderdale-El, 35 F.4th at 576 (emphasis added). The Seventh Circuit treats this rule as "so well established" that it "rarely even comments" on whether it has "appellate jurisdiction" under these circumstances. Id. The Seventh Circuit points out that "[d]ismissals for lack of subject-matter jurisdiction are necessarily without prejudice," yet the court "routinely exercise[s] jurisdiction over appeals from such dismissals." Id. at 576–77 (citations omitted).

The defendant based her dismissal motion on Younger abstention principles; she cited Federal Rule of Civil Procedure 12(b)(1), asking the court to "abstain from exercising jurisdiction and dismiss this case." Dkt. No. 12 at 19. See also id. at 13 ("Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject-matter jurisdiction."). "Because a motion to dismiss on *Younger* abstention grounds concerns whether the Court should exercise jurisdiction over the parties' claims, district courts in this circuit have determined that it is best construed as a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction." Berrada Props. Mgmt. Inc. v. Romanski, 608 F.Supp.3d 746, 754–55 (E.D. Wis. 2022). See Nadzhafaliyev v.

---

² See also Gleason v. Jansen, 888 F.3d 847, 852 (7th Cir. 2018) ("When it is clear that the district court is finished with a particular case and that nothing can be done to revive it, the judgment is final."); Czarniecki v. City of Chi., 633 F.3d 545, 549 (7th Cir. 2011) ("[W]e have repeatedly found that even if a court dismisses claims 'without prejudice,' we assess 'finality' by whether the district court 'has finished with the case.'"); Hill v. Potter, 352 F.3d 1142, 1144–45 (7th Cir. 2003) ("The test is whether the district court has finished with the case.").

Hardy, 403 F. Supp. 3d 663, 667 (N.D. Ill. 2019); Whole Woman's Health All. v. Hill, 377 F. Supp. 3d 924, 930 (S.D. Ind. 2019); Bolton v. Bryant, 71 F. Supp. 3d 802, 809 n.2 (N.D. Ill. 2014); Powell v. Saddler, No. 12 C 2928, 2012 WL 3880198, at *3 (N.D. Ill. Sept. 6, 2012). See also J.B. v. Woodard, 997 F.3d 714, 717 (7th Cir. 2021) ("The state defendants successfully moved to dismiss the case for lack of subject matter jurisdiction. The district court concluded . . . that the *Younger* abstention doctrine barred the court from ruling on the remaining constitutional claims. We agree on both fronts."); FreeEats.com, Inc. v. Indiana, 502 F.3d 590, 595 (7th Cir. 2007) ("As a threshold matter, we must address Indiana's claim on cross-appeal that the district court should have abstained from exercising subject matter jurisdiction over this matter. We review de novo a district court's decision to decline to abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine."); Edwards v. Ill. Bd. of Admissions to the Bar, 261 F.3d 723, 727 (7th Cir. 2001) ("The district court determined that it lacked subject matter jurisdiction over Edwards' claims under the abstention doctrine announced in *Younger* . . . ."); Barichello v. McDonald, 98 F.3d 948, 954 (7th Cir. 1996) ("The abstention doctrines all concern the propriety of exercising subject matter jurisdiction.").

So—it is not clear to the court that dismissal without prejudice will deprive the plaintiffs of their ability to appeal the court's conclusion regarding Younger abstention. The court also notes, given the plaintiffs' assertion that the court erred in reaching that conclusion, that parties may be able to seek

7

relief from judgment, or from the purportedly erroneous ruling, under Rules 59(e) or 60(b), depending on the circumstances.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 8th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**